THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Speed Way Transportation, LLC, *et al.*, | : | |
| | : | Case No. 2:20-cv-05047 |
| | : | |
| Plaintiffs, | : | Judge Sarah D. Morrison |
| | : | |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | **FIRST AMENDED COMPLAINT** |
| City of Gahanna, Ohio *et al.*, | : | |
| | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| Defendants. | : | |

## INTRODUCTION

1. This is an action for monetary and injunctive relief brought pursuant to 42 U.S.C. §1983 for violations under the Fourteenth Amendment to the United States Constitution, in connection with the solicitation, acceptance of bids, and denial of Plaintiffs' bid by the City of Gahanna, Ohio for vehicle towing contracts.

## JURISDICTION AND VENUE

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 as this case raises a question of federal law. Supplemental jurisdiction under Plaintiffs' pendent state law claim is proper pursuant to 28 U.S.C. §1367(a) and common law.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) and S.D. Ohio Civ. R. 82.1. Defendants are located in this district, and the events and commissions complained of occurred in this district.

## PARTIES

4. Plaintiff, Speed Way Transportation, LLC, is a limited liability company organized under the laws of the state of Ohio, and at all times material operated a vehicle towing company

1

doing business as Speed Way Towing. Speed Way Towing entered into contracts with the city of Columbus and surrounding suburban police departments to provide towing services to those municipalities. Speed Way Towing's principle place of business is located in Gahanna, Ohio.

5. Plaintiff, Ahmed Shehata, is a United States citizen and resident of Egyptian national origin and is a Muslim. Plaintiff Shehata is the sole owner and member of Speed Way Transportation, LLC. Plaintiff Shehata is also the sole owner and member of Blackhorse Properties, LLC which owns the real property where Speed Way Towing operates its business.

6. Defendant, City of Gahanna, is a municipal entity duly organized under the laws of the state of Ohio.

7. Defendant Keith Winn is the City of Gahanna's Public Safety Director and was appointed by the Mayor. The Director of Public Safety is responsible for the enforcement of all police and safety regulations that may be prescribed by resolutions and ordinances of the municipality or the laws of Ohio, and oversees the operation of the Defendant Chief of Police. Defendant Winn is sued in his individual and official capacities.

8. Defendant Jeff Spence is the duly appointed Chief of Police of the Defendant Gahanna Division of Police. Defendant Spence is sued in his individual and official capacities. Defendant Spence is responsible for overseeing and supervising all activities in the Defendant Gahanna Division of Police including the June, 2020 *Division of Police Contract Specifications and Request for Proposal.*

9. At all times material, Defendants were acting under color of state law.

## FACTS

10. In July, 2017 Plaintiffs submitted a bid for the three-year towing contract with the Defendant City of Gahanna for the time period August 1, 2017 through July 31, 2020. During the

approximately seven months prior to the contract application, Plaintiffs and the Defendant City of Gahanna had been working to correct alleged deficiencies and alleged "violations" on Plaintiffs' property that were required to obtain permits for operation of the towing business. On many occasions, the Defendant City of Gahanna frustrated Plaintiffs' efforts and their business operations because it changed its specifications for compliance after Plaintiffs had completed work pursuant to earlier instructions.

11. As part of Plaintiffs' discussions with the Defendant City and its agents, Plaintiffs were falsely told that the City was considering awarding three contracts, and assured Plaintiffs they would more than likely qualify if they rectified their deficiencies.

12. On August 14, 2017, Plaintiff received from the Defendant City correspondence indicating Plaintiff would no longer be considered for a towing contract with the Defendant due to: (1) Plaintiff's storage area was lacking a hard surface with proper drainage and the fact that some vehicles were parked on the grass; (2) the existence of a wood fence instead of chain link; and (3) unspecified ordinance violations with the storage area.

13. As a direct and proximate result of the conduct set forth above, Plaintiff Speed Way Transportation, LLC brought an action against the Defendant City of Gahanna in the Franklin County Court of Common Pleas, Case No. 18CV10373, seeking declaratory and monetary relief related to the denial of the contract.

14. The Defendants' discriminatory animus is reflected in the actions of City officials at the time Plaintiffs were denied the 2017 contract. In a series of e-mail, the former Defendant City Director of Public Safety alerted various officials that he had e-mailed Plaintiffs a letter on August 14, 2017, which upon information and belief, was attached to the August 14, 2017 e-mail. Less than ten minutes later, without stating any basis, the Director of Public Service in the

Department of Public Service and Engineering, issued a notice stating that Plaintiff Shehata might find the e-mail "extremely upsetting" and advising employees to "[t]ake precaution if he enters the building by calling the police department immediately." Employees were further advised to contact their supervisor if they "need[ed] additional information regarding who this individual is."

15. At an unknown time in late May or early June 2020, the Defendants issued the *Division of Police Contract Specifications and Request for Proposal* soliciting bids for a contract performing the services of the "removal of vehicles that are wrecked, junked, or otherwise must be removed at the direction of the Gahanna Division of Police." The solicitation indicated bids would be accepted commencing on Friday, June 5, 2020 and ending on Friday, June 19, 2020. A copy is attached as Exhibit "A."

16. Plaintiffs continued to suffer a difference in treatment, as outlined in preceding paragraphs, in connection with the 2020 bidding process and received very little cooperation from the Defendants. Despite Defendants' inquiries related to the then upcoming bidding process, their questions remained unanswered. In June, 2020, Plaintiffs sent two e-mails related to the towing contract to Defendant Spence and Deputy Chief, Jeff Lawless to which they received no response. Plaintiffs' attorney was assured that the Defendant City would inform them when the solicitation for bids was posted. Instead, Defendants were not even told about the existence of Exhibit "A" or when it was to be posted.

17. The solicitation for bids, Exhibit "A" was not conspicuously posted. Shortly before the deadline for submission of bids, Plaintiffs discovered the existence of Exhibit "A" in an obscure location on the Defendant City's website.

18. On or about June 19, 2020, and prior to established deadline, Plaintiffs submitted a timely bid for the Defendants' Towing Contract.

19. On June 18, 2020, a representative of Plaintiff Speed Way Towing visited Gahanna City Hall in order to deliver certain documents associated with the bidding process such as the $500.00 check which served as the bond for the contract. According to the sign posted outside, visitors were directed to place a telephone call so that the appropriate city employee could come outside to speak to the visitor. The Plaintiff Speed Way representative called the designated number but was placed on "hold" once he identified himself and indicated he needed to speak to someone regarding help with the bid proposal. After being placed on hold for five minutes, the line was disconnected. Upon calling back Plaintiff was informed by the clerk that the City Attorney directed that Plaintiffs' attorney must call the City Attorney and that all communications must occur in that fashion. Other bidders were not treated in this fashion.

20. The prices quoted in Plaintiffs' bid were $140.00 for the straight hook up fee. The flat-bed and dolly tow fee was also $140.00. The charges for additional storage were $15.00 per day. Tractor trailer/semi-trucks and trailer tows were $239.00 and Plaintiffs disclosed that they would be using a named reputable sub-contractor for the heavy-duty tows. Speed Way Towing proposal attached as Exhibit "B."

21. Comparison of Plaintiffs' bid to the other two selected bids, demonstrates that Plaintiffs' aforementioned quoted prices were less than those of the bids contained in Exhibits "C" and "D."

22. In early July 2020, Plaintiffs' attorney was informed by telephone that Speed Way Towing's bid for the towing contract was not accepted by the Defendants. Upon written inquiry, wherein the Plaintiffs complained that the Defendant City had not conducted an on-site inspection, the Defendant City informed Plaintiffs by e-mail dated July 21, 2020, that the reasons for rejecting the bid were a determination that there was inadequate improved surfacing, inadequate spacing,

and inadequate chain link fencing at the site. While claiming that an on-site inspection was not required, the City indicated that it nevertheless viewed the property from the right-of-way and based its determination from this inadequate and unfair inspection. Last the Defendants indicated that Speed Way would have to subcontract the large vehicle tow jobs to third parties whereas the other contract bidders were able to handle the job themselves. Exhibit "E," attached.

23. Defendants' stated reasons for denial of the contract are pretext for discrimination. The stated reasons for the denial are not true. The appropriate surface was added following the denial of the contract in 2017. Similarly, adequate spacing was also available. The chain link fence was built according to specifications from the city. Plaintiffs' business premises are not fully visible from the right-of-way so Defendants failed to perform a proper inspection, and refused to rely on Plaintiffs' accurate representations of their facilities. Defendants previously informed the Plaintiffs that it was acceptable to have a subcontract with a third party for heavy truck/trailer tow jobs.

24. Upon information and belief, Plaintiff Speed Way Towing is the only business in Gahanna that is owned and operated by individuals of Egyptian national origin and Islam religion.

25. Plaintiffs have suffered a difference in treatment on account of their national origin and religion in their dealings with the Defendants in connection with their business operations.

26. The Defendant City of Gahanna continues to send water bills to Plaintiff Speed Way Towing despite the fact that Plaintiff has never had water service or even access to water on the property.

27. The Defendant City of Gahanna sent Plaintiff Speed Way Towing a letter stating that there was a lien on the property for unpaid storm water bills dating from 2007. The Defendant City claims the lien exists despite the fact that the owner of Speed Way Towing and Blackhorse

Properties, LLC did not own the property prior to 2018, and the existence of the supposed lien did not appear on the title search prior to the sale.

28. As a result of the denial of the vehicle towing contract and the treatment set forth above, Plaintiffs filed a grievance with the city of Gahanna pursuant to Part One, Title Five, Chapter 134.01 *et seq.,* Code of Ordinances of the City of Gahanna, setting forth the foregoing alleged acts of discrimination and differences in treatment. The Plaintiffs responded to the Defendant City's requests for additional information, but upon information and belief, the City failed to conduct any meaningful investigation, and instead dismissed Plaintiffs' grievance by claiming that Plaintiffs' allegations did not constitute discrimination.

29. Further demonstrating their discriminatory animus, the Defendant City and its agents continue to engage in a pattern and practice of selective enforcement of building and zoning codes. Although Plaintiffs have engaged an engineer and architect, the Defendant City delays approval of plans and permits by constantly changing, adding and/or revising building requirements which causes unnecessary expenditures and interferes with Plaintiffs' business operations.

30. The actions of the Defendants were willful, wanton and malicious.

31. The actions of the Defendants have caused Plaintiffs lost profits under the terms of the towing contract with the Defendant City of Gahanna, and loss of good will. Plaintiff Shehata has suffered emotional distress.

## CLAIM FOR RELIEF

### VIOLATIONS OF RIGHTS SECURED BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

32. Plaintiffs hereby reallege and incorporate by reference each and every allegation in paragraphs 1-31 as if set forth fully herein.

33. Plaintiffs are members of a suspect class and were wrongfully discriminated against on account of their national origin, Egyptian, and religion, Islam.

34. Plaintiffs were similarly situated in all relevant respects to other towing companies who were awarded bids.

35. Nevertheless, Plaintiffs were denied the Defendant City of Gahanna vehicle towing contract on account of their national origin and religion, even though they submitted the lowest and best bid.

36. All of the actions taken by Defendants and/or those acting on their behalf including denial of the vehicle towing contract on account of Plaintiffs' national origin and religion had the effect of denying Plaintiffs of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

**WHEREFORE,** Plaintiffs pray that this Court:

(a) Declare that Defendants violated Plaintiffs rights to equal protection and due process guaranteed under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983;

(b) Award compensatory damages;

(c) Award punitive damages;

(d) Award injunctive relief preventing violation of the City of Gahanna contract bidding process;

(e) Award Plaintiffs' reasonable attorneys' fees and costs;

(f) Any other relief that this Court deems just.

Respectfully submitted,

**NEWHOUSE, PROPHATER, KOLMAN & HOGAN, LLC**

*/s/ Michael S. Kolman*
Michael S. Kolman (0031420)
mkolman@npkhlaw.com
3366 Riverside Drive, Suite 103
Columbus, Ohio 43221
Telephone: (614) 255-5441
Facsimile: (614) 255-5446
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable thereto.

*/s/ Michael S. Kolman*
Michael S. Kolman (0031420)

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also send such notification to:

Frank J. Reed
Jesse J. Shamp
Frost Brown Todd, LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
*Counsel for Defendants*

*/s/ Michael S. Kolman*
Michael S. Kolman (0031420)